271 N.J. Super. 405 (1994)
638 A.2d 921
HAREL ASSOCIATES, A NEW JERSEY PARTNERSHIP, PLAINTIFF-APPELLANT/CROSS-RESPONDENT,
v.
COOPER HEALTHCARE PROFESSIONAL SERVICES, INC., A NEW JERSEY CORPORATION, AND COOPER HOSPITAL/UNIVERSITY MEDICAL CENTER, A NEW JERSEY NONPROFIT CORPORATION, DEFENDANTS-RESPONDENTS/CROSS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 22, 1994.
Decided March 21, 1994.
*406 Before Judges J.H. COLEMAN, MUIR, Jr., and THOMAS.
Cuyler, Burk & Matthews, attorneys for appellant/cross-respondent (Edwin R. Matthews, of counsel; Peter Petrou and Robert P. Kramer, on the brief).
Archer & Greiner, attorneys for respondents/cross-appellants (Sean T. O'Meara, on the brief).
The opinion of the court was delivered by MUIR, Jr., J.A.D.
In this commercial lease case, the trial court found defendant, Cooper Healthcare Professional Services,[1] had been constructively *407 evicted; ruled it did not remain in possession for an unreasonable time after the accrual of the right of constructive eviction for a waiver of the right to have occurred; but required defendant to pay rent only for a portion of the period between the time defendant exercised its right to claim constructive eviction and the time defendant moved out. The court also dismissed defendant's counterclaim for damages it claimed were proximately caused by the constructive eviction. Plaintiff appeals. Defendant cross-appeals. We affirm but modify so as to require defendant to pay rent for the entire time between the accrual of its right to assert constructive eviction and the vacation of the leased premises.
The trial court, based on its findings and conclusions of fact, relied on Reste Realty Corp. v. Cooper, 53 N.J. 444, 251 A.2d 268 (1969), to reach its conclusion that a constructive eviction occurred. In Reste the Supreme Court held that a tenant is constructively evicted and has a right to vacate leased premises when it is deprived of the use and enjoyment of those premises due to acts chargeable to the landlord. Id. at 460-61, 251 A.2d 268. The trial court here enumerated a number of grounds for reaching its constructive eviction conclusion, the most significant of which was the continuing seepage of water into the leased premises which effectively destroyed the use and enjoyment of the premises and which defendant endured for a significantly long period without resolve by the landlord.
Our review of the record satisfies us that the trial court's conclusions on the constructive eviction, exclusive perhaps of the finding on failed building security, are supported by the credible evidence. See Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84, 323 A.2d 495 (1974). We accordingly affirm, essentially for the reasons expressed in the court's written *408 opinion of May 19, 1992, the resolution of the constructive eviction issue and the extent to which it relieved defendant of paying rent after it moved out in December 1989.
We conclude, however, the trial court incorrectly absolved defendant of liability for some of the rent for the time between the accrual of its right to assert constructive eviction and its vacation of the premises. With the constructive eviction, defendant had the choice to either terminate the lease and recover damages proximately caused by the eviction or continue the lease and recover rent abatements and damages. Restatement (Second) of Property § 5.4 (1977). Defendant chose to terminate the lease and remained in possession for seven months but paid no rent. The Restatement and majority view, with which we concur, is that a tenant who declares the landlord in breach of a covenant of quiet enjoyment, which we have here, need not vacate but must vacate if it seeks to terminate the lease and avoid further rent payments. 2 Powell on Real Property § 232[3] (1993).
Having elected to stay on, the defendant could not avoid its rent payment obligation. Although the continued occupancy was not for an unreasonable time, see Reste Realty Corp. v. Cooper, supra, 53 N.J. at 461, 251 A.2d 268, defendant could not avoid rent payments for that period. Absolution for the rent payments can only occur if the tenant abandons the leased premises. Accordingly, we remand to the trial court for modification of the judgment consistent with this opinion. In so ruling, we find factitious plaintiff's claim of entitlement to the double penalty of N.J.S.A. 2A:42-5 for defendant's hold over after the constructive eviction. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973).
Finally, we find no merit to the cross-appeal. R. 2:11-3(e)(1)(A), (E). While the trial court's findings on resolution of the counterclaim are meager, we read it to indicate none of the costs for which defendant sought recovery were shown to be the result of plaintiff's lease breach. The judge found a failure to sustain the *409 burden of proof although "at least some [of the itemized costs] could possibly be found to be the legal liability of plaintiff."
It was defendant's burden to prove the expenses were the definite consequences of the breach. Defendant did nothing more than proffer documentation of costs connected with relocation and to have them attested to by James Moran, the on-site manager of the data processing operation. Defendant offered no affirmative proofs to demonstrate how the expenses were proximately caused by the breach, and plaintiff elicited testimony from Moran that at least suggested the expenses were not causally related to the breach. Under those circumstances, we find no abuse of discretion in the trial court's ruling. See Endress v. Brookdale Community College, 144 N.J. Super. 109, 142, 364 A.2d 1080 (App.Div. 1976).
Accordingly, the judgment under appeal is affirmed as modified. The matter is remanded for the modification of the judgment.
NOTES
[1] Cooper Hospital/University Medical Center was named as a defendant only because it was a guarantor under the lease. Accordingly, this opinion refers only to the defendant Cooper Healthcare Professional Services, Inc.